*Read, Judge.
Was it competent for Douglas to pay off the judgment recovered by Harris against Carlisle, and have this bill prosecuted for his benefit ? It is contended that the bill died when the judgment was paid, because its object was to produce that very result; so that nothing remained to Douglas but a money demand .against John Carlisle. If the bill fastened an equity in the hands of Andrew Carlisle, for the satisfaction of the judgment, it is consistent with the plainest rights of a surety, bound for the payment of the judgment, to claim that such equitable assets should be applied to the satisfaction of the judgment. Of this there would be no question, if Douglas had not himself paid the judgment. The principal is not altered since Douglas paid the judgment creditor, as bail, upon the the express condition that he should assume his rights, and hunt down the assets in the hands of Andrew, and be subrogated to the rights of Harris, the judgment creditor, to protect himself. This is all consistent with the plainest principles of equity.
But Carlisles, who had combined to defraud both the judgment creditor and their own bail, come into court and say that one Turney had bought of Harris this judgment, and would have the court summarily to dismiss the bill. The plain answer to this is, that Douglas has the elder and best equity, besides it has too strong an odor of contrivance and fraud to win upon the favor of a court of equity.
It is also said that Douglas is not properly before the court. That he should have come in by way of supplemental bill. If necessary, it would not be difficult to treat this in the light of a supplemental bill. But this is a point of practice upon which the court may exercise its discretion; and it appears not only unobjectionable, but, on the contrary, to be a very convenient form to obtain the object designed ; and from its simplicity and facility recommends itself to favor. A full equity then appearing for the complainant, and in the right form, the demurrer is overruled.
*188 The next point is whether the court will permit the Carlisles to answer the petition of Douglas.
*In the first place, there is no affidavit' of merits ; and, sec- [187 ondly, the fact that this money should have been paid twenty years ago inclines the chancellor to refuse the leave.
As to the merits, Andrew Carlisle charges himself, in his answer, with upwards of $1100, and not having discharged himself by satis-faetory proof, we regard the case of Harris v. Carlisle, 7 Ohio, part II, 144, as settling this point. Having re-examined the evidence, we are still satisfied with that ease.
We do not say, in this case, that a supplemental bill would not have been a proper mode to present the interest of Douglas ; but any other mode which effects the same end, being a mere point of practice, •adopted and moulded by the chancellor to do complete equity between the parties, would not be disturbed. There must be a decree for com-plainant.
The following order was made :
“ This day came the parties, and submit this cause to the court, upon the respondent’s demurrer to the petition of the complainant, William H. Douglas, and the court, being advised in the premises, do find that the said demurrer is not well taken, and do order, adjudge, and decree the same to be overruled. And, thereupon, no good reason being shown to the court for any other or further answer on the part of said respondents, or either of them, this cause came on to be heard, on its merits, upon the several bills, answers, petitions, replications, exhibits and testimony, and the court, being fully advised in the premises, do find the equity of the ease to be with the complainants, and that said William H. Douglas is justly entitled to the amount paid by him to said Harris, or his attorney, with the lawful interest thereon from the time of the payment thereof. And, thereupon, the court do •order and decree that this cause stand referred to John W. Andrews, Esq., as a Special Master Commissioner, to ascertain and report, with all convenient speed, the amount due from said Andrew Carlisle, in conformity with the principles heretofore settled by this court in this ease, as reported in the 7th volume of the Ohio Reports, part II, *144,.with lawful interest; and that said Master also report the [188 amount of money paid by said William H. Douglas, on said judgments, to said Harris, or his attorney, with lawful interest thereon, allowing .credits, if any; that said master, in taking said account, do not take into consideration any deposition or depositions of the said John Car- *189 lisle that may be on file, nor shall said Master take any other or further testimony in the ease. And all other questions are reserved till the coming in of the report.”
Upon the coming in of the Master’s report a final decree was entered for complainant.