Cincinnati College et al. *v.* City of Cincinnati et al.

---

THE CINCINNATI COLLEGE ET AL., Plaintiffs in Error, *v.* THE CITY OF CINCINNATI, T. A. NESMITH, ET AL., Defendants in Error.

On motion to dissolve an injunction, the court granting the motion ordered a bond of indemnity to be given by the defendants to the party who had obtained the restraining order, to save the plaintiffs harmless and be liable for future damages. On the plaintiffs seeking to reverse the order on writ of error:

*Held,* that it was not a final order or judgment to which, under section 512 of the Code, a writ of error could lie.

*McGuffey, Morrill & Strunk,* for plaintiff.

*Walker, City Solicitor,* and *Hoadly, Jackson & Johnson,* contra.

RESERVED TO GENERAL TERM.—At Special Term a motion was made by the defendants to dissolve a restraining order that had been granted to prevent the use of Wal-

nut street, Cincinnati, for the car track and route of a street railroad, better known as "Route No. 9." It was argued by the plaintiff on the ground of irremediable injury to the plaintiff if the defendants were permitted to occupy the thoroughfare, and by the defendants that the plaintiff had no exclusive right to exert and the remedy, if any such right existed, was by action at law to recover damages. The judge, at Special Term, who heard the argument, vacated the order on condition that the defendants should enter into an undertaking, with sufficient surety to the satisfaction of the clerk, in the sum of $10,000, conditioned to indemnify and save harmless the plaintiff from all damage which might accrue and arise from the dissolution of the restraining order, as well as to comply with any order the court might subsequently make.

To this order the plaintiff filed its writ of error in the General Term, which the defendants moved to dismiss.

STORER, J. We are now asked to reverse the action of the court in Special Term for alleged error, and the defendants move to dismiss the writ of error, on the ground that the proceeding sought to be reversed is not such a judgment from which a writ of error will lie. The cases of *Worthington* v. *Rogers*, decided by this court November last, and *Taylor et al.* v. *Fitch*, 12 Ohio St. 169, we think decide the question. They give a legal construction to section 512 of the Code, which defines the meaning of a final order, which in effect determines the action and prevents a judgment.

The writ of error will be dismissed and the cause remanded.