Day, J.
The question in the case before us is, whether it was one in which an appeal might be .taken from the final judgment of the Common Pleas to the District Court.
The statute provides for an appeal of all “civil actions” in which the parties have not the right to demand a jury trial. There is no question but that the right of appeal existed in this case, if it was a civil action within the meaning of the code. This is what the plaintiff claims it to be. On the other hand, the defendants claim that it was not an original action, but was merely a proceeding, after judgment in the case of the bank against Coates, to -vacate the judgment in that case, under the provisions of section 534 of the code; and, upon the authority of Taylor v. Fitch, 12 Ohio St. 169, was not appealable.
The power given to courts of record, by sections 534 and 542 of the code, to vacate or modify their own judgments or orders, after the term at which they were made, does not confer original jurisdiction; for they apply to judgments rendered in the District and Supreme Courts, in cases of which, under the constitution, they can only acquire appellate jurisdiction. The power thus conferred, then, is *432 only that of further proceedings, for the causes enumerated, in an action after judgment; and are, therefore, merely special proceedings in an action, and are not an original action, or the “civil action” provided by the code. When,, therefore-,.the power conferred by these sections, to break .into an action after judgment, and obtain further proceedings therein, is all that is invoked by a proceeding, such proceeding can not be regarded as a civil action; and, therefore, is not appealable.
The power thus conferred upon courts to vacate or modify their own judgments or orders, does not necessarily imply a limitation of the right to impeach a judgment or decree by original action in a proper case; although, in such, cases, otherwise than by bill of review under section 533 of the code, the remedy must be by the civil action of the code.. Sec. 602.
But whether a civil action can be maintained under the-code, to impeach a judgment or decree for fraud in all cases where an. original bill in chancery for that purpose' might have been sustained before the code, it is not necessary to determine in this case; although the proposition is perhaps settled in the affirmative in Long v. Mulford, 17 Ohio St. 484, and' is so regarded by my brethren. But, however this may be, it is clear that in all-such cases, where the case is such that relief is properly sought, other than that which may be obtained in the case in which the judgment or decree is rendered, and the impeachment of the judgment or decree is only necessary to the further relief sought, an original action is the-proper remedy; indeed, it may be the only remedy. This must be so, especially where rights have intervened, since the rendition of the-judgment or decree, involving new parties, against whom relief is sought.
It is not questioned but that without the power conferred by section 534 of the code, a decree procured by the fraud of the successful party might be impeached by an original action. The question, then, resolves itself into' this: Was the case an original action, or a proceeding in an- *433 action ? If it was the former, the case was appealable ; if it was the latter, it was not.
That it was not a proceeding in the action in which the-decree sought to be impeached was rendered, is clear, because a, case was made for relief that could not be obtained in that action. It related to rights that accrued after the-decree was rendered, and involved persons who were not-parties to that case. The relief sought was against such new parties, making a case not embraced in that. The injunction sought was not that which is provided for in proceedings under section 534 of the code, that of merely “ suspending proceedings” on the decree sought to be vacated, but was to restrain the new parties from turning the plaintiff’s family out of possession of the land in dispute. The case made recognizes the fact that the decree had been executed by a sale of the land to the new parties; and,, upon a charge against them of complicity in the fraud by which the decree was obtained, a decree is sought in the new case to compel a release of their title, to remove the-cloud from that of the plaintiff, and to quiet his possession of the premises.
It is true there is much in the petition, and in the prayer-thereof, that looks like an effort to open the decree sought to be impeached, for the purpose of a retrial of the- case. But the parties -in the two cases are different, and only that part of the decree affecting the plaintiff' is impugned. It was sought to impéach the decree only as a predicate to-the relief sought in this case, which was against those not parties to that, and whose rights were such that they could, only be invalidated by an original action. Indeed, it would seem that the case was tried in the Common Pleas upon that theory; for that court found “the answer of the defendants true, and that the equities of the ease were with them,” and therefore dismissed the petition.
The case was not a proceeding in an action ; but, in its; essential elements, was such that, if the decree complained, of had been rendered in the District Court, the relief *434 thereby sought could only be obtained by ah original action brought in the Common Pleas.
We are constrained to hold that the case was a civil action, and was therefore properly appealed. This holding is sustained by the case of Long v. Mulford, supra, which is analogous to this case.
It follows that the District Court erred in sustaining the motion to dismiss the appeal. The judgment of that court must therefore be reversed, and the cause remanded for further proceedings.
Welch, J., having been of counsel, did not sit in the case.