Martin, J.
Plaintiff in error, Bever, was plaintiff below. In the common pleas his petition was dismissed, and on error the district court affirmed the judgment. To reverse this judgment of affirmance this case is here. The object of the proceeding in the common pleas, was to vacate a judgment rendered at a former term of the same court of common pleas, as provided in section 536 of the code (S. & C., 1115). The judgment was taken on warrant of attorney in favor of the defendant in error, Beardmore, against plaintiff herein and Abram Mann, William Foreaker and John Booth, his sureties, and without legal notice to them of the time and place. It was rendered jointly against them all on joint and several promissory notes, and was *76 subsequently paid by tbe sureties who had notice of the judgment about the time it was taken. The ground assigned was, under the 9th sub-division of section 134, that it was taken for more than was due. The petition was filed more than a year after the rendition of the judgment, and alleged that the plaintiff first had notice of the judgment within the year next before the filing. The sureties were not made parties to the original petition. They were subsequently brought in as defendants, and the case was heard on a second amended petition, embodying in substance the foregoing facts, and an answer and reply. The sole issue was whether the proceeding was barred under section 541 of the code, which provides that it must be commenced within one year after the defendant has notice of the judgment. On the hearing the common pleas made special findings and judgment as follows :
“ This cause came on for hearing, and was submitted to the Court on the pleadings and evidence. And the court being fulty advised in the premises, on the request of the plaintiff that its conclusions of fact be stated separately from its conclusions of law, with a view to excepting to the decision of the court upon the questions of law involved in the trial, finds as its conclusions of fact, that there was included in the notes upon which judgment was taken by confession, a large amount of usurious interest, and that the plaintiff John Bever was the principal in said notes, and the defendants,. John Booth, Abram Mann and William Foreaker were his sureties only, which was known to the said William Beardmore, at the time he received and accepted said notes and powers of attorney. And that said defendants had a valid defense to said notes upon which said judgment was taken by confession, to the amount of the usurious interest included therein, amounting to several hundred dollars ; and the court further finds that the defendants, Mann, Foreaker and Booth had notice of the rendition .of the judgment upon confession, at or about the day of its rendition. That at the date of the execution of the note and warrant last mentioned in the petition upon which said *77 judgment was taken, to wit: January 24, 1874, it was agreed between the said John Bever, William Beardmore, Abram Mann, William Foreaker and John Booth, that judgment should be taken at the then next term of this court to commence February 3, 1874, upon all the notes and warrants of attorney, which were included in said petition and judgment. That said term closed on the 16th day of February, 1874; that no summons or other further notice was served upon or given to said Beaver of the rendition of said judgment, and that he had no notice that said judgment had been rendered, or the amount thereof, until the 18th day of March, 1874. That proceedings were commenced by said Bever against said Beardmore only, on the 20th day of February, A. D., 1875, and that said Mann, Foreaker and Booth were not made parties to the proceeding until the 13th day of June, 1876. And as to its conclusions of law upon the above found facts the court finds that the proceedings herein were not commenced within the period required by law, and dismiss the same with costs. It is therefore considered by the court that said cause be, and the same is hereby dismissed at the costs of the said plaintiff, which costs are here adjudged against said plaintiff.”
The question to be decided is, Was the proceeding brought within the time limited in section 541, that is, “ within one year after the defendant has notice of the judgment.” We think there can be no doubt, that, if the plaintiff had made the sureties parties to his original peti-. tion, or brought them in by amendment within the year after notice to him, the proceeding would have been duly commenced as to all. The petition was filed within the year after the plaintiff had such notice, but more than a year after each of the sureties had the notice. To that petition the sureties were not parties. And when they were brought in more than a year had elapsed after notice to all the judgment defendants, including Bever. All the defendants in a joint judgment are necessary parties to a petition in error to vacate it. Smetters’ case, 14 Ohio St., 287. This is the well settled rule of courts restricted to the ex *78 ercise of appellate jurisdiction ; and when an omitted party is brought in after the statute has run in his favor, he may plead the bar, and it is held such plea will oust the jurisdiction of the court. The proceeding under review here is of the court of common pleas, in or connected with an action on promissory notes, within its general original jurisdiction. It is not of itself a civil action ; but a special proceeding in an action to effect a judgment rendered therein at a former term of the same court. Taylor case, 12 Ohio St. 169. It. is professedly an application for a new trial. In a civil action delay in bringing in a defendant whose presence is indispensable to a recovery may well control the question as to the true time of the commencement of the action. If such effect can properly be given to an application like this for a new trial, it can be only in a case where the omitted defendant has an undoubted interest, in maintaining the judgment, and not simply that he is a necessary party because he is a defendant in the judgment and bound by it. In our opinion the sureties were necessarj1- parties to the petition. They would be so, even if the petition by statement showed that the vacation of the judgment would do them no harm. Their real interest might nevertheless require a denial of the allegations of the petition or an averment of new matter. In the case at bar the sureties set up no defense whatever ;CMid the allegations of the petition and the findings of fact by the court, are admitted by all the parties. The judgment had been paid in full by the sureties. This operated an assignment to them of the judgment with its incidents of process and lien to compel reimbursement from their principal. But it does not appear in the record that this right was valuable or desired by them. If the judgment had been vacatéd, a claim to the amount of the usurious excess included in their involuntary payment, would thereupon have enured to them against the judgment creditor; with the risk however of another trial. It does not appear inferentially or otherwise, that they were interested in resisting the vacation.
The judgment creditor may not complain of the delay *79 because the judgment was fully paid to him before the time began to run against Bever. In the Fitzgerald case, 30 Ohio St., 444, it is held that in a proceeding under section 75 of the code, to open up a judgment rendered without further service than by publication in a newspaper, the notice to be given to the adverse party must be given to such party as is interested in maintaining the judgment.
In that case the holding related to a party shown on the face of the judgment to be merely formal. In that respect it differs from this case. But the principle of that case has weight here, because the sureties as parties are concluded by this record, made since the rendition of the judgment, and in which record no adverse interest in their behalf is shown. Be this as it may, we are not prepared to say that the analogy between a petition in error in an appellate court and this proceeding in the common pleas, is so perfect as to require us to hold the delay under consideration, a circumstance affecting the jurisdiction of the court. We think the district court erred in affirming the judgment of the common pleas.
Objection is made in argument that the sureties are not styled as parties in the petition to this court. Their appearance is duly entered and service of process waived as appears in the printed record. This is sufficient.

Judgment reversed and cause remanded.