Gieeen, J.
The plaintiff in error was adjudged guilty of contempt of *198 the court of common pleas upon a charge that she caused a writ of replevin to issue from the court of a justice of the' peace for property in the possession of the sheriff under am order of sale issued in an action to foreclose a chattel mortgage, She was a stranger to the suit, and there is no allegation that she had knowledge of the order of sale or the authority under which the sheriff held the property.
Formerly any attempt to interfere with goods in the custody of the law, or held by an officer, or by any legal process, was regarded as a contempt and punished severely; but this rule has been greatly modified, and an action to test the regularity or legality of the proceedings is no longer regarded as an infringement of the sacred prerogative of the court, but is favored as a ready and convenient method to test the legality of the first seizure. Cobby on Replevin,, sections 299 and 300.
There is no statement in the charges of contempt that the mortgagor was the owner of the property seized, nor does-the court so find, and unless it did belong to her, the seizure was illegal.
In the case of Siford v. Beaty, 12 Ohio St., 189, it is held:
“That a seizure of the goods of B, under process against C, does not vest in the circuit court (United States) out of which the process issued, any jurisdiction over said goods, and that an action to replevy the same may be maintained by B in the courts of the state,”
And in speaking of the rule “that among equal or concurrent jurisdictions,that is exclusive which first attached, ” Peck, J., says, at page 198:
“The cases in which such collisions have occurred are either proceedings strictly in rem, where the res and not its ownership is in controversy, or seizures upon execution or in attachment for the debts of the owner, and when the process seeks to subject his interest therein, and cases where the possession and management of specific real or personal property has been delegated by a court to its receiver, and in all these cases the maxim before alluded to has been applied; but it will be seen ata glance that an unlawful effort to subject the property of B to the payment, of the debts of C does not fall within either class,”
Shay & Cogan, for Plaintiff in Error.
Nathaniel Wright, for the John Church Company.
The doctrine of that case seems to be in conflict with a number of cases cited by counsel, notably the case of Covill v. Heyman, 111 U. S., 176; but it is nevertheless the law of this state.
Section 5640, Revised Statutes, provides that a person may be punished as for a contempt for disobedience of or resistance to an order of court; but how can he be said to disobey or resist an order of which he ' has no knowledge and which is not addressed to him? He could have only a constructive notice of the proceedings in the pending suit.
The general rule is that a person can not be punished as for a contempt for the violation of an order issued in a cause to which he is a stranger (7 Am. & Eng. En, of Law, 2d Ed., p. 58).
Judgment reversed.