WILLIAM CAPAUL v. TOLEDO & W. RY.

1. NO RIGHTS TO APPEAL UNLESS GIVEN BY STATUTE.

The right of appeal is purely statutory, and where no authority therefor is given, the judgment of the trial court is final.

2. ORDER DISMISSING ACTION AT COST OF ATTORNEY NOT APPEALABLE.

An order of the trial court dismissing an action at the costs of plaintiff's attorney of record, because commenced by him without authority, is not appealable under Sec. 5226 Rev. Stat., notwithstanding the right of trial by jury did not exist. Such proceeding is merely incidental or ancillary to the main action, and is not a "civil action" within the meaning of said statute. Error is the remedy, if any exist.

3. QUESTIONS OF FACT NOT CONSIDERED UNLESS EVIDENCE INCORPORATED IN BILL OF EXCEPTIONS, WHEN.

The question whether or not the finding of the trial court that an action was commenced by plaintiff's attorney of record without authority, was sustained by the evidence, will not be considered in the absence of a bill of exceptions setting forth the evidence.

APPEAL.

L. H. Wilkinson, for plaintiff.

U. G. Denman, for defendant.

HULL, J.

This was heard before us on motion to dismiss the appeal on the ground that the order or judgment of the court of common pleas was not appealable. The action was brought by the plaintiff against the railway company to recover for personal injuries. At the time he commenced the action, he was a resident of the state of Michigan, and soon after its commencement, a motion was filed to require him to give security for costs. This motion was sustained, and he was ordered to give security within a certain time. He failed to do this, and a motion was made to dismiss the action on that ground, and the cause came on for hearing upon that motion, and the plaintiff came in person, and also his counsel into open court, and the record recites that the plaintiff represented to the court that the action had been brought by counsel of record without any authority for bringing it; and the court after hearing the testimony upon that question, adjudged all of the costs in the action against the plaintiff's attorney; and counsel, feeling aggrieved by that order, appealed from the action of the court; and we are asked to dismiss the appeal on the ground that the case is not apealable.

The record recites that the court having heard the evidence on the part of the plaintiff, and also the evidence of his counsel,. finds that before the commencement of the action there had been a full and complete settlement entered into between the railway company and the plaintiff, and that at the time of bringing the action,. there was no cause of action against the defendant; and finds further that upon the next day after the filing of the petition in the case, the plaintiff notified his counsel that he had not authorized him to bring: the suit, and the court finds that the action was brought by counsel without any authority for doing so; and after making these findings, the court adjudged all of the costs against the plaintiff's attorney, and from this, he appealed.

It is claimed that plaintiff's counsel cannot appeal from this order of the court of common pleas, but that he should have prosecuted error. There is no order in the record, formally dismissing the action, although that was evidently done by the court, for in the certified copy of the entries upon the appearance docket, .there appears on the day that this motion was heard, this entry: "Dismissed at the costs of plaintiff's counsel," naming him in the entry, so evidently that order was made by the court and entered upon the court docket.

The right of appeal is purely a statutory matter, and without a statute authorizing it, no appeal can be taken and the judgment of the trial court is final; and the question is, whether under the statute in a matter of this kind, an appeal may be taken. Section 5226 Rev. Stat. provides that:

"In addition to the cases and matters specially provided for, an appeal may be taken to the circuit court by a party or other person directly affected, from a judgment or final order in a civil action rendered by the common pleas court, and of which it had original jurisdiction, if the right to demand a jury therein did not exist."

It is not claimed that the right to appeal in this case is given by any other statute than this, and so the question is, whether this authorizes it. It provides that an appeal may be taken to the circuit court by a party or other person directly affected from a judgment or final order in a. civil action, etc. It will be observed that the statute authorizes appeals from judgments or final orders in a civil action. Section 4971 Rev. Stat. provides there shall be but one form of action, and it shall be known as a civil action. Section 4972 Rev. Stat. provides that:

"In every civil action the party complaining shall be known as the plaintiff, and the adverse party as the defendant."

In many instances, the Supreme Court has held that orders of the

court of common pleas could not be appealed from, on the ground that the order was not made in a civil action.

It has been held that where an award of arbitrators has been filed in the court of common pleas, exceptions thereto overruled, and judgment upon the award, under Secs. 5608 and 5612 Rev. Stat., the case was not appealable to the district court. Moore v. Boyer, 42 Ohio St. 312.

A proceeding under Sec. 536 of the code (Sec. 5358 Rev. Stat.) by petition, in the court of common pleas, to vacate a judgment rendered by that court at a former term, and to reinstate the case on the docket for trial, is not appealable. Such proceeding not being a civil action, but a special proceeding in an action after judgment, and subject to review only on error. Taylor v. Fitch, 12 Ohio St. 169.

An order confirming the report of partition and adjudging costs, is not appealable. Jordan v. Jordan, 4 Circ. Dec. 290 (8 R. 431).

In our judgment, this proceeding, whatever it was, was not a civil action. It is true that counsel against whom these costs were adjudged, had no right to a trial by jury. He was within the statute, so far as that was concerned. It does not appear whether he demanded a jury or not; but he had no right to one. The action in which this proceeding was had—the action against the railway company—was a case where a right to trial by jury existed, it being an action for personal injuries. It is evident from what is said in Sec. 4972 Rev. Stat. that a "civil action" is one where there are parties plaintiff and defendant, and pleadings and all other things necessary to and that surround an action. In this proceeding, there was no plaintiff, unless the judge might be called the plaintiff, and it will hardly be said that counsel could be called the defendant. It was an incident growing out of the main action, ancillary to it, an assessment of costs against the plaintiff's attorney, who was not even a party to the original action.

It was in the nature of punishment probably, meted out by the court to counsel for bringing an action without authority, which the court found from the evidence had been done. It seems to us that this cannot be said in any sense to have been a civil action. It was a mere proceeding. It may have been in the nature of a proceeding in contempt, but whatever it was, it was not a civil action under the statute.

It is said by counsel in argument that the evidence did not sustain the findings of the court, but we have no bill of exceptions before us, and so we are not able to examine that question. All that we can know is contained in this record. The matter came up before the court on the complaint of the plaintiff that suit had been commenced without his

Capaul v. Railway.

authority, and the finding of the court upon that claim is set forth in the record, and the counsel's remedy, if he had any, was by proceedings in error. He might have prosecuted error unquestionably and had the question passed on by this court. Whether the court erred or not, is not before us at this time; but we are clear that there is no right of appeal, and the motion to dismiss the appeal will be sustained.

**Parker** and **Haynes, JJ.,** concur.

---

## MUNICIPAL CORPORATIONS—LICENSES—COURTS.

[Wood (6th) Circuit Court, June 30, 1904.]

Hull, Haynes and Marvin, JJ.

(Judge Marvin sitting in place of Judge Parker.)