Circuit Court of Cuyahoga County.

MINNIE M. FOLLIETTE v. ANNEY M. BRETT.

Decided, June 11, 1906.

*Action to Vacate Judgment After Term—When Retention of Attorney to Defend Action Sufficient Grounds for Vacating a Default Judgment.*

1. A petition to vacate a judgment after term may be filed as an independent action.

2. The fact that defendant had retained an attorney to defend the action, had filed an answer, and been assured by her counsel that the case would not be reached for three years, after which she removed from the city, holding herself in readiness to return upon notice from her attorney, and that the attorney without notifying her withdrew from the case and allowed it to go to trial without defense, constitutes sufficient grounds for vacating the judgment after term.

*A. W. Lamson,* for plaintiff in error.
*John A. Thompson* and *H. D. Messick,* contra.

WINCH, J.; HENRY, J., and LAUBIE, J., concur.

This is a special proceeding, after judgment, instituted by the filing of a petition, under favor of Sections 5354 and 5358, Revised Statutes, to vacate the judgment obtained by Folliette against Brett, at a former term of the Common Pleas Court of Cuyahoga County, "for unavoidable casualty or misfortune, preventing the party from defending."

The grounds for vacation of the judgment were tried, found to exist and the original case ordered tried to a jury as to the merits of the defense to the original action.

In this court three reasons are alleged why said order should be reversed:

First, because said petition to vacate was filed as an independent action, and on this proposition the language of the court on page 172 of the opinion in the case of *Taylor* v. *Fitch,*

12 O. S., 169, is referred to. That case holds that such proceeding is not, of itself, a civil action, but a special proceeding in an action after judgment, and it is said that the proceedings to vacate the first judgment should be included in the record of the original case, so that there may not be two judgments, both based upon the same claim, should judgment again be rendered against the defendant.

There is nothing in the record and transcript before us to indicate that such possibility may occur in this case, unless it may be that the common pleas court gave a new and different number to the special proceedings.

Its judgment, however, requires the original action to be retried, and the special proceedings are ended without possibility of further judgment therein.

Second, it is said that the petition fails to disclose good grounds for the vacation of the judgment complained of, and that an objection made to the introduction of any evidence under it should have been sustained.

It must be conceded that there are some inconsistent allegations in the petition and some that are open to the charge of equivocation, but we find that said petition, among other things, alleges that she retained counsel to defend the original action, filed answer therein, was told by her counsel that the case would not be reached for trial for three years, whereupon she left the city, being ready, willing and able to return at any time to defend and testify at the trial, and so advised her counsel. That she waited patiently to be notified by her attorney when to appear and testify, but that he withdrew from the case and allowed it to go to trial without defense, in her absence. She further alleges "that she was wholly unapprised and unaware of the withdrawal of her said retained attorney" and that she was without negligence on her part.

We think these allegations, considered by themselves, sufficiently allege unavoidable casualty and misfortune, within the purview of the statute. There was no motion or order to compel the petitioner to make her allegations more definite and certain, to separately state and number, or to elect upon which

claims she would stand. We may therefore disregard the other allegations in her petition and consider it sufficient. The case of *Taylor* v. *Fitch*, above referred to, is some authority for this conclusion.

Third, it is claimed the bill of exceptions shows that the court improperly admitted evidence tending to establish the plaintiff's defense to the original action. As that defense was triable by a jury, and not by the court, it is said that this was error for which the order should be reversed.

We find no prejudice in the admission of this incompetent evidence. The court made no finding or judgment as to the defense submitted, but on the contrary specifically reserved that matter for the consideration of a jury. His order is therefore conclusive that he gave no consideration to the evidence objected to. We can see no reason why the judge should not be advised as to the nature of the defense, as well as of the claims of the plaintiff. Indeed, the defense might have been of an equitable nature, requiring the reformation of a written instrument, for instance, and completely extinguishing the plaintiff's claim. In that event the court could have gone on and determined the merits of the defense, at once, and without a jury. That was not the case here, but we suggest it as exhibiting the greater freedom with which the court can listen to evidence which would be incompetent and prejudicial to bring before a jury. The test of the prejudice of such evidence produced before a judge, is the order or judgment thereafter made by him.

We find no error in the order and it is affirmed.