## PROCEEDINGS FOR REVIVOR NOT APPEALABLE.

Circuit Court of Cuyahoga County.

Peter J. Little v. Aultman-Miller Co.

Decided, April, 1907.

*Appeal—Special Proceedings.*

Proceedings for the revivor of an action under favor of Section 5149, Revised Statutes. are special proceedings in an action and are not appealable.

*Kohler, Kohler & Mottenger,* for plaintiff in error.
*Hoyt, Dustin & Kelley* and *T. H. Bushnell,* for cross-petitioner in error.
*Allen, Waters & Andress,* for defendant in error.

Winch, J.; Henry, J., and Marvin, J., concur.

By the motion to dismiss the appeal in this action we are called upon to determine whether an appeal lies to an order of the common pleas court denying the relief prayed for in a supplemental petition filed in an action therein pending, suggesting the death of one of the defendants and asking that the action be revived as against her personal representatives.

As pointed out by Judge Shauck, in the case of *Lange* v. *Lange,* 69 O. S., 346, one of the three traits of an appealable cause is that it be a civil action.

In the case of *Missionary Society* v. *Ely,* 56 O. S., 405, Judge Spear calls attention to the fact that our statutes do not define a civil action or point out the difference between a civil action and a special proceeding, but that a marked distinction between the two is clearly indicated by the Ohio code.

The proceedings here involved were brought under favor of Section 5149, Revised Statutes, which reads as follows:

"A revivor may be affected by the allowance by the court or a judge thereof in vacation, of a motion of the representative or successor in interest to become a party to the action, or by supplemental pleading alleging the death of the party, and

naming his representative or successor in interest upon whom service may be made as in the commencement of an action; but the limitations contained in subsequent sections of this chapter do not apply to this section.''

While the pleading filed was styled by the pleader a ''supplemental petition,'' there was no service upon it, as provided in the statute, and no entry of appearance.

If this matter was a special proceeding, it is not appealable, and following the analogy of the case of *Taylor* v. *Fitch,* 12 O. S., 169, the reasoning of which we think is applicable to this case, we hold that proceedings for revivor of an action under Section 5149, Revised Statutes, are special proceedings in an action and are not appealable. A revivor thereof may be had on error. The syllabus of the Taylor case, *supra,* reads as follows:

''A proceeding under Section 536 of the code, by petition in the court of common pleas, to vacate a judgment rendered by that court at a former term and to re-instate the case on the docket for trial, is not appealable to the district court, under the fifth section of the act of April 12, 1858, to 'relieve the district courts,' etc.

''Such proceeding is not, of itself, a civil action, but a special proceeding in an action after judgment, and subject to review only on error.

''Where such a petition contains certain allegations of specific facts, claimed to constitute unavoidable casualty or misfortune by which the defendants in the judgment were prevented from defending, and contains also separate and distinct general allegations that, without negligence on their part, the defendants in the judgment were prevented from defending by unavoidable casualty and misfortune; and there is no motion or order to make the allegations of the petition more certain and specific, no bill of exceptions setting out the evidence, and no special finding by the court; and where there is a general finding by the court sustaining the general allegations of the petition, the presumption of law is that there was evidence before the court sufficient to sustain such general finding.''

The appeal is dismissed for want of jurisdiction to entertain it.