GIFFORD, ADMR., *v*. RYAN ET AL.

*Court of appeals — Appellate jurisdiction — Action to vacate judgment after term.*

An action under favor of Section 11631, General Code, and the succeeding sections, to vacate, after the term, a judgment, and to enjoin its collection, is not appealable.

(Decided February 11, 1918.)

APPEAL: Court of Appeals for Lucas county.

ON MOTION to dismiss appeal.

*Mr. Thomas L. Gifford,* for plaintiff.
*Messrs. Southard, Southard & Rowe,* for defendants.

CHITTENDEN, J.   Three cases, only one of which is noted in the caption of this opinion, have been presented on motions to dismiss the appeal taken in each case. . Three judgments were taken in favor of the plaintiff against defendants upon cognovit notes executed by the defendants.   At a subsequent term of the trial court the defendants filed in each of the actions in which judgment had been taken a petition, and thereafter an amended and a second amended petition, setting up, in substance, that judgment was taken against them by virtue of the warrant of attorney contained in the notes, and that they had no knowledge of the filing of the petitions upon the notes or of the taking of the judgments thereon until after the expiration of the term of court at which the judgments were rendered.   It is also alleged that before the judgments were taken the notes had been fully paid and satisfied and that the defendants were not indebted upon such notes in any sum whatsoever.   They therefore prayed that the judgment in each case be vacated, canceled and wholly set aside, and, further, that the plaintiff be restrained and enjoined from having execution levied on the property of the defendants, and from endeavoring to collect the judgments in any manner or form, and for all other and further relief.   Subsequent pleadings were filed by the parties and issues were made which were submitted to the court.   The court, upon the trial of the causes, refused to vacate the judgments.   Thereupon the cases were appealed to this court.

It is contended on behalf of the plaintiff that the pleadings conclusively show that the relief sought

by the defendants is by virtue of Section 11631, General Code, which provides when the court of common pleas may vacate or modify its judgments after the term at which they were made, the succeeding sections which determine the method of procedure, and Section 11638, which makes provision for an injunction in such cases.

It was held by the supreme court in *Taylor, Assignee,* v. *Fitch et al.,* 12 Ohio St., 169, that a proceeding under original Section 11631, is not a civil action, but a special proceeding in an action after judgment, and subject to review only on error. The same conclusion was reached in *Coates* v. *Chillicothe Branch State Bank,* 23 Ohio St., 415. In the latter case it was held that an independent action in equity might be brought to enjoin the collection of a judgment obtained by fraud, and that such an action would be appealable. "The question," says the court, at page 432, "then, resolves itself into this: Was the case an original action, or a proceeding *in* an action? If it was the former, the case was appealable; if it was the latter, it was not."

*Darst* v. *Phillips,* 41 Ohio St., 514, was an action to enjoin the collection of a judgment taken upon a cognovit note, which note was alleged to have been paid before the judgment was taken. In the course of the opinion in that case, on page 517, the court says:

"In the case at bar, therefore, the judgment defendant had an election to proceed under the statute to vacate and enjoin, or by original action for injunction."

'Courts of chancery never claimed to exercise any supervisory power over the courts of law or their proceedings. Judgments were not reversed or vacated in equity. Equity always acted on the person, not the proceeding, and, while it would enjoin the enforcement of a judgment in proper cases, it would not interfere with the judgment itself. 1 Black on Judgments (2 ed.), Section 357.

From the authorities cited it is clear that if this were an original action in equity for an injunction to restrain the collection of a void judgment it would be appealable, but if it is an action under Section 11631 it is a special proceeding and is not appealable now; nor would it have been appealable before the recent amendment to the constitution. The defendants, as suggested in their briefs, had the election to proceed either way, and it is entirely clear to the court that they elected to proceed under the provisions of Section 11631. Such being the case, the proceeding is not appealable and the motion to dismiss the appeal will be granted.

*Motion granted.*

RICHARDS and KINKADE, JJ., concur.