*NEWARK NAT. GAS & FUEL CO. v. NEWARK (CITY) ET AL.

1. Petition for Modification of Decree to Adhere to Gas Rates not Appealable.
   A petition for modification for a decree and finding by the court of appeals, provision for a modification should it be shown to be necessary being found in the decree, is not an original and

---

*Opinion below see, *Newark Nat. Gas & F. Co.* v. *Newark*, 31 Dec. 44

independent action, but rather an additional proceeding in the original action, and is not appealable.

**2. If Treated as Original Action not Appealable Being Action for Money Only.**

Moreover, if such a proceeding were to be treated as an original and independent action, then it would in the case at bar become an action for money and not a chancery case, and would not be appealable for that reason.

APPEAL.

*S. M. Douglass* and *J. R. Fitzgibbon*, for plaintiff.

*Henry C. Ashcraft, Frank A. Bolton* and *Edward Kibler, Sr.,* for defendants.

**POWELL, J.**

A motion has been filed to dismiss this appeal and the case is presented to us on this motion and the briefs of counsel.

This is the second case between the parties to this proceeding, the first having been commenced in March, 1911. *Newark* v. *Newark Nat. Gas & F. Co.,* 35 O. C. C. 94 (3 App. 383; 20 N. S. 254). The original case was an action for mandatory injunction to compel plaintiff to comply with the ordinance of March 6, 1911, fixing a rate for the sale of gas to the inhabitants of Newark and to the city itself. The defendant, Metz, was appointed receiver in the original case by agreement of parties; his duties were to collect and keep until final order was made the amount of the difference between the original franchise rate allowed to the plaintiff and under which it was supplying gas to the city, and the rate under the ordinance of March 6, 1911. In that case judgment was given to the city as prayed for, both in the court of common pleas and in the court of appeals, on appeal to that court. The latter judgment was affirmed in the Supreme Court of Ohio, *Newark Nat. Gas & F. Co.* v. *Newark,* 92 Ohio St. 393 [111 N. E. 150], and later by the Supreme Court of the United States. *Newark Nat. Gas & F. Co.* v. *Newark,* 242 U. S. 405 [61 L. Ed. 393]. It was finally determined on January 8, 1917.

The judgment in the original case, as entered in the court of appeals, contained a provision as follows:

"This finding and decree of the court is made, however, without prejudice to the right of defendant company at any time to apply to a court of competent jurisdiction to modify said

Newark Nat. Gas & F. Co. v. Newark.

finding, if at any time it should appear that said rate of eighteen cents net does not render an adequate return to said defendant company.''

The petition in the present case is based upon this reservation or exception in the judgment of the court rendered in the original action, together with such averments as show that plaintiff was entitled to recover the proportionate amount due for the time covered by the rate of March 6, 1911, to the time when settlement was made between the parties by an agreement upon the rate between the city and the said plaintiff. The amount claimed is $29,434.63.

A hearing was had upon the issue joined in the present case resulting in an order dismissing the petition on the ground, first: that the court of common pleas was without jurisdiction to entertain the action; and second: that the proof was insufficient to sustain the averments of the petition. An appeal was taken from the judgment of the court of common pleas to this court.

After an extended and somewhat careful examination of the record in this case this court is of the opinion that the motion to dismiss the appeal herein should be sustained.

First: This is not an original and independent action, but is an ''additional proceeding in the original action.'' It is not an action to impeach the judgment in the original action for fraud, but is one to modify or vacate a proportionate part of that judgment by reason of a changed condition of fact. The right to maintain such proceedings was reserved in the original judgment as well as authorized by statute. Section 11631 G. C.

That the petition and summons did not make a new action see *Misner* v. *Misner,* 41 Ohio St. 678.

Additional proceedings in an original action are not appealable. *Taylor* v. *Fitch,* 12 Ohio St. 169.

One appeal has already been had in the original action.

Second: If this case can be regarded as an original and independent action, then it was commenced in the wrong court. The judgment sought to be vacated or modified was recovered in the court of appeals of this county in an action pending in said court on appeal from the court of common pleas. This action was commenced in the court of common pleas to modify the judgment of the court of appeals.

We think the court of common pleas is without jurisdiction to vacate or modify the judgment of the court of appeals. The petition pleads a continuing order and thereby avoids the effect of an answer of *res adjudicata,* but an action based on a continuing order is not an original and independent action, nor is it "the civil action" of the code, but is incidental to and part of the original action and is not appealable.

Third: If this action is original and independent, it is an action for money only, and not in chancery, and for this additional reason is not appealable.

Upon the grounds stated, the appeal will be dismissed.

HOUCK and SHIELDS, JJ., concur.