ECKFIELD, AUDITOR, ET AL. *v.* THE STATE, EX REL. STONE.

*Mandamus—City auditor not required to certify that funds inadequate—Section 2295-8, General Code—Judgment against city for personal injuries.*

Under Section 2295-8, General Code, there is no duty imposed upon a city auditor, as fiscal officer of a city, to make the certificate therein mentioned, and he cannot be required by mandamus to do so.

(Decided December 3, 1926.)

ERROR: Court of Appeals for Columbiana county.

*Mr. G. D. Ingram,* city solicitor, *Messrs. Lones,*

*Hill & Davidson,* and *Mr. Charles Boyd,* for plaintiffs in error.

*Mr. W. A. Grady,* for defendant in error.

PARDEE, P. J. The plaintiff in error, Fred Eckfield, is the duly elected, qualified, and acting auditor of the city of Wellsville, a municipal corporation in the state of Ohio. The relator, Jesse W. Stone, brought a suit in mandamus in the common pleas court of Columbiana county, alleging that he had recovered a judgment against the city in the court of common pleas for personal injuries, in the sum of $1,500, and that said judgment was in full force and effect and wholly unpaid. The relator further alleged that a reasonable time before the suit in mandamus was filed he served upon such auditor, as fiscal officer of the city, a written notice demanding that the auditor certify to the council of the city that the city, within the limits of its funds available and with due consideration of its best interests, was unable to pay said judgment, and that he demand that the council issue bonds in accordance with the authority conferred upon it by Section 2295-8, General Code, and that the money derived therefrom be used in the payment of said judgment. The relator further alleged that said auditor had refused to comply with said demand. The relator therefore prayed that a writ of mandamus be issued, compelling said auditor to make said certificate to said council.

To this petition the city filed an answer, admitting that judgment had been obtained as alleged, but claiming that the same had been obtained by fraud by relator, in connivance with the then city solicitor of the city, and asking that

the collection and enforcement of said judgment be enjoined.

Upon the issues thus made, the case went to trial, without objection as to a misjoinder of defendants, the right of the city to make its defense, and the sufficiency of the petition, and the court found with the plaintiff upon the issues made by the answer and cross-petition of the city, and held that the judgment was a valid and subsisting one. The court found also that the relator was entitled to a writ of mandamus, and made the following order, to wit:

For "said respondent, Fred Eckfield, as city auditor and fiscal officer of the city of Wellsville, Ohio, to proceed at once and certify to the council of the city of Wellsville, Ohio, that judgment of the relator, setting forth the fact that the city, from its limits of taxation, is unable to pay said judgment from funds available from taxation, and to request council of the city of Wellsville, Ohio, to issue bonds in accordance with General Code, Section 2295-8, of the state of Ohio, and that the money derived therefrom be used in paying the judgment of the relator, including accrued interest and costs."

The defendants, not being satisfied with that judgment, have prosecuted error to this court. We will first consider in this opinion, the question raised by the answer and cross-petition of the city of Wellsville.

Before the codification of the laws of this state in the year 1880, a proceeding in mandamus was not a civil action under the Code (*Chinn* v. *Trustees,* 32 Ohio St., 236), but by said codification mandamus proceedings became civil actions (*State ex rel.* v.

*Crites, Auditor,* 48 Ohio St., 142, 26 N. E., 1052; *State ex rel. Barker* v. *Philbrick,* 69 Ohio St., 283, 285, 69 N. E., 439; *State ex rel. Widner* v. *Bowersock, Judge,* 1 C. C., 127, 1 C. D., 75; *Boston Rubber Hose Co.* v. *Hagerty, Auditor,* 20 C. C., 711, 10 C. D., 821; *State ex rel. Delaney* v. *Holmes, Pres.,* 5 Ohio App., 1, 8). Therefore actions in mandamus and the pleadings therein by the parties thereto are subject to the same rules of procedure as other civil actions. See, also, Sections 12292, 12293, and 12295, General Code.

By Section 11315, General Code, the defendants, or either of them, had a right to set forth by answer any grounds of defense which they or either of them may have had against such judgment, although the nominal plaintiff was not the one who attained the judgment against the city, as the relator, the owner of the judgment, is the real party in interest. The city, availing itself of the aforesaid right, filed its answer and cross-petition, attacking the judgment on which the suit was based, on the ground that the same was obtained by fraud.

This judgment was rendered in a court of competent jurisdiction of the county which had jurisdiction of the parties and the subject-matter of the action, and of course this judgment could not be attacked in a collateral proceeding. It could be attacked directly, however, in one of two ways: Either by a special proceeding in the court where the judgment was rendered, as provided by the General Code, or by a suit in equity, in a court of general jurisdiction in Ohio, where service could be obtained upon the relator. If the city had proceeded under the Code, and had been suc-

cessful, the judgment would have been suspended, and the city in that event would have been practically in the same position as though the judgment had not been rendered in favor of said relator. The city then would have had the opportunity to retry the issues made in the original suit. If the city, however, did not desire to resort to said special statutory proceedings, it could resort to the equitable remedy known before the special proceedings were provided by the General Assembly. *Darst* v. *Phillips,* 41 Ohio St., 514; *Michael* v. *American National Bank,* 84 Ohio St., 370, 95 N. E., 905, 38 L. R. A., (N. S.), 220. This right to resort to equity could have been used by the city in an original suit for that purpose, or as a defense, as was done in the instant case, and, if the city had been successful in maintaining its defense, the judgment would not have been vacated or set aside, neither would the court in which the judgment was rendered have been assailed, but the decree would have adjudged the rights of the parties as between themselves in relation to said judgment, as the proceedings would have been strictly *in personam,* and the city would have obtained an order preventing the relator from enforcing the payment of said judgment and from having any benefit therefrom.

The lower court, fully realizing that the relator would not have been entitled to a writ of mandamus if the judgment was improperly obtained, proceeded in the first instance to hear and determine the question of the voidability of the judgment. Evidence was introduced by both parties to the controversy, and the proceedings of the court in which the judgment was rendered were fully

submitted to the court upon a transcript of the
evidence taken by the stenographer present at the
time, together with other evidence, from which
it appears that the city was represented by its
solicitor, although he did not offer any evidence
or cross-examine the plaintiff's witnesses; that a
jury was duly impaneled and sworn; that evidence
was offered by the plaintiff, showing the cause of
action which he claimed and the damages which
resulted therefrom; and also that the jury was
charged by the trial judge, and that it returned a
verdict in favor of the relator, the plaintiff in
that action, in the sum of $1,500.

It is true that in the bill of exceptions sub-
mitted to us there is some evidence which tends
to prove the claims of the city, but the trial court
found that the city had not maintained the burden
cast upon it, and that its evidence failed to estab-
lish that there was fraud and connivance between
the attorney for the plaintiff and the attorney for
the city, and therefore found against the city and
in favor of the plaintiff—that said judgment was
a valid and subsisting one against the city.

We have carefully examined the bill of excep-
tions, and from such examination we cannot say
that the finding of the trial court upon the ques-
tions raised in the answer and cross-petition of
the city is manifestly against the weight of the
evidence, and, not finding any other errors in the
record upon this issue, we are therefore required
to affirm the judgment of the trial court in that
regard.

Finding that the relator does have a valid
judgment against the city for personal injuries

which he suffered through the negligence of the city, the next question to be considered by us is whether the relator was entitled to the writ of mandamus allowed him by the lower court.

The General Assembly of this state, in the year 1921 (109 Ohio Laws, 336), passed by one bill several laws which became effective January 1, 1922, among which we find Sections 2295-8 and 5649-1c, General Code. Section 2295-8 then read as follows:

"When the fiscal officer of any county or other political subdivision, including charter municipalities, certificates to the bond issuing authority that, within the limits of its funds available for the purpose, the subdivision is unable, with due consideration of the best interests of the subdivision, to pay a final judgment rendered against the subdivision in an action for personal injuries or based on other noncontractual obligation, then such subdivision may issue bonds, in an amount not exceeding the amount of the judgment and carrying interest not to exceed six per cent., for the purpose of providing funds with which to pay such final judgment."

Section 5649-1c reads as follows: "On or before the first Monday in May of each year, the fiscal officer of the municipal corporation or other political subdivision shall certify to the council, county commissioners, board of education or other tax levying authority of his political subdivision the amount of tax necessary to provide for the payment of final judgments against the political subdivision, except in condemnation of property cases, and said tax levying authority shall place such amount in the annual tax levying ordinance,

resolution or other measure for the full amount certified.''

Section 2295-8 was amended in the year 1923 (110 Ohio Laws, 160) by adding the following: ''Providing also that when the fiscal officer of any such subdivision certifies to the bond issuing authority that, within the limits of its funds available for the purpose, the subdivision is unable with due consideration of the best interests of the subdivision, to pay a final judgment rendered against the subdivision in an action based upon an obligation of a contractual nature incurred prior to the fourteenth day of May, 1921, and reduced to judgment prior to the passage of this act, then said political subdivision may issue bonds in an amount not exceeding the amount of the judgment and the interest due thereon, and carrying interest not to exceed six per cent., for the purpose of providing funds with which to pay such final judgment.''

Under Section 2295-6, General Code, Fred Eckfield, as city auditor, is the fiscal officer of the city of Wellsville. Under Section 12283, General Code, mandamus is a writ issued in the name of the state to an inferior tribunal, corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station.

It will be observed that by Section 5649-1c, General Code, it became the duty of the auditor to certify to the council of the city the amount of tax necessary to provide for the payment of the judgment which the relator had recovered against the city. But we do not understand that the

claim is made by the relator that the auditor has not complied with that section, and, in the absence of such claim and proof in support thereof, we will indulge the presumption that the auditor made the certificate, as required by law, and, if not, that he was justified in withholding the making of the same under the facts as shown by the record in this case until the validity of the judgment had been established; it having been attacked.

The validity of the judgment now having been established we assume that the auditor will, if he has not already done so, comply with Section 5649-1c. We therefore turn our attention to Section 2295-8, and see what, if any, duty is enjoined upon said auditor. By that section: "When the fiscal officer * * * certifies to the bond issuing authority that, within the limits of its funds, available for the purpose, the subdivision is unable * * * to pay a final judgment rendered against the subdivision in an action for personal injuries, * * * then such subdivision may issue bonds."

By this section there is no duty specifically enjoined upon said officer to make said certificate. He may do so or not, at his discretion. He is not required by said section to exercise such discretion. This section provides that *when he makes such certification* the council *may* then do certain things, but the section, so far as he is concerned, does not set up a state of facts which, when they exist, require him to do a certain thing.

But, if he were required by that section to use his discretion and determine whether a certain state of facts exists, and then upon those facts decide whether he should make such certificate or

not, a court in an action in mandamus could not require him to exercise that discretion in a certain way, as was done in this case. This is an elementary proposition of law, universally recognized, and requires no citation of authorities to support it.

It will be observed that by Section 5649-1c, *supra,* a positive duty is imposed upon the auditor of the city to act when a certain state of facts exists, but, under Section 2295-8, no duty is imposed upon the auditor, and it is optional with him to determine whether a certain set of facts exists, and also optional with him whether or not he will act upon the facts thus determined by him.

The lower court in this case, without taking any evidence as to the financial condition of said city, as to its tax duplicate, its bonded indebtedness, the state of its general fund, or other facts pertinent to the matter, arbitrarily required said fiscal officer to make said certificate, and, even if the court had such authority, it was an abuse of discretion and manifestly against the weight of the evidence to make said order.

We are therefore unanimously of the opinion, upon this branch of the case, that the trial court was in error in making the order it did, and the judgment entered by that court will be reversed, which is accordingly done, and, coming now to make the order which the trial court ought to have made in the case, in the mandamus matter, we render judgment for the plaintiffs in error and dismiss the petition of the relator. A journal entry may therefore be drawn, sustaining the validity of the judgment rendered in favor of the relator against the city of Wellsville, and rendering final judgment for the plaintiffs in error against

the defendant in error upon the petition for a writ of mandamus.

                    *Judgment accordingly.*

WASHBURN and FUNK, JJ., concur.

Judges of the Ninth Appellate District sitting in place of Judges POLLOCK, ROBERTS and FARR, of the Seventh Appellate District.