BRINKER et v BARBERTON (city) et

Ohio Appeals, 9th Dist, Summit Co

No 1627. Decided April 1, 1929

Wanamaker & Russell, Akron, for the Motion.

G R Platt, City Solicitor, and S A Decker, both of Barberton, Contra.

**WASHBURN, J.**

As we understand the law, when a final judgment in either an action at law or a suit in equity is entered in a court of record, as is the Court of Common Pleas, that judgment, so entered, becomes a finality at the end of the term at which it is entered, so far as that court is concerned, and that court does not have any power to vacate or modify said judgment in such a way as to change the judicial action already taken, except by the method provided by statute. But if the judgment is entirely void for want of jurisdiction, the court has power to vacate it or set it aside after the term at which it is rendered, and that may be done on a motion filed in said court, where the court obtains jurisdiction over all of the parties interested in the judgment.

Such motion or the proceeding under the statute, constitute proceedings in rem, which attack the judgment itself, and such judgment may be modified by the court in the manner provided by the statute, or upon the motion the judgment may be declared void for want of jurisdiction.

In addition to these remedies, the validity of the judgment may be attacked in equity and an equitable remedy invoked; but such equitable remedy is not a proceeding in rem and does not assail the court in which the judgment was rendered or seek to change, modify, suspend or vacate the judgment, but is a proceeding in personam, against a party or parties to the judgment, seeking to deprive him or them of the benefit of the judgment so im-

properly obtained, by enjoining him or them from enforcing it. Such remedy in equity was known before the adoption of the civil code and still exists.

**Darst v. Phillips, 41 OS. 514.**

**Michael v. National Bank, 84 OS. 370.**

**Kundert v. Kundert, 24 O. App. 342, at p. 348.**

**Eckfield, Auditor, v. State, ex rel. Stone, 23 O. App. 150, at pp. 153-154.**

By the petition filed by the plaintiffs in the instant case, they sought to have the judgment obtained in the original suit vacated or modified, and they did not ask any relief at all in any way against the defendants themselves. They did not seek to enjoin them from the enforcement of said judgment; it was strictly and solely a proceeding in rem, and not a proceeding in personam; and the relief they sought related entirely to the original judgment.

The right of no third party was involved, and the petition did not seek any relief which could not be obtained by a retrial of case; and it was plainly not a suit in equity, but an application for a modification of a judgment under the statute, which was unknown to chancery, and such a proceeding is not appealable.

**Taylor v. Fitch, 12 OS. 169.**

Motion to dismiss appeal granted.

Funk, PJ and Pardee. J, concur.