## MARIAN MORLEY v JAY T. MORLEY

Ohio Appeals, 6th Dist, Lucas Co
No. 2243. Decided November 12, 1929

Messrs. W. Orthwein and Otto Hankinson, Toledo, for Marian Morley.

Mr. J. E. Farber, Toledo, for Jay T. Morley.

RICHARDS, J.

Appeals are now regulated by **Section 6, Article IV of the Constitution**, which provides that the Court of Appeals shall have appellate jurisdiction in the trial of chancery cases. The proceeding in this case is one under favor of **11631 GC.**, to vacate a judgment after the term at which it was rendered and it has always been held by the courts that a proceeding under that section is not a civil action but a special proceeding in an action after judgment and that, therefore, an order or judgment rendered in such proceeding is not one from which an appeal may be taken. Some of these decisions were rendered prior to the amendment of the Constitution in 1912, and the amendment then made, certainly did not enlarge the right of appeal. We call attention to **Taylor, Assignee vs. Fitch, et al., 12 Ohio St., 169**, and **Coates vs. Chillicothe Bank, 23 Ohio St., 415, 432.** In the course of the opinion in the latter case, Day, J., speaking for the court, uses the following language:

"When, therefore, the power conferred by these sections, to break into an action after judgment, and obtain further proceedings therein, is all that is invoked by a proceeding, such proceding can not be regarded as a civil action; and, therefore, is not appealable."

In **Forest City Investment Co. vs. Haas, 110 Ohio St., 188, 193**, the court held that the provision of the Constitution above cited, as amended in 1912, did not disclose an intention to change the former rule of procedure in this class of cases. See also **Gifford, Admr. vs. Ryan, et al., 9 Ohio App., 419**. In the case of **Preg vs. Preg, 6 Abstract, 433**, the court of appeals of the Eighth District, Judges Middleton, Mauck and Cushing sitting, appear to have had before them the identical question now presented, and held that the proceeding was not appealable.

Notwithstanding these decisions it is contended that the averments of the petition for the modification of the decree make the proceeding one which is appealable. In that petition the plaintiff avers substantially that since the trial she has discovered new and material evidence with respect to the financial worth of the defendant, all of which was suppressed by the defendant at the time of the trial, and that the defendant, prior to the trial, had connived and schemed to deceive the court

and testified that he had been compelled to dispose of all of his property and was on the verge of bankruptcy, although he was worth $100,000.00 or more. These and other like averments amount only to a claim that the judgment for alimony was produced by perjured testimony and it is still a proceeding in a case after judgment to open up the judgment. Notwithstanding all allegations of this character, the proceeding is not a chancery case within the meaning of the Constitution, and is therefore not appealable. This conclusion is entirely consistent with the principle that an original action to impeach a judgment for fraud is a chancery case and appealable.

Motion to dismiss appeal granted.

Williams and Lloyd, JJ., concur.